UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISOIN
3:19-cr-00298-RJC-SCR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM ECHELON WASHINGTON | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the defendant's Objections, (Doc. No. 41), to a magistrate judge's finding probable cause for alleged violations of supervised release and detaining the defendant pending a final revocation hearing, (Doc. No. 38: Order).

A person in custody for violating a condition of supervised release is entitled to a hearing before a magistrate judge to determine whether there is probable cause to believe that a violation occurred. Fed. R. Crim. P. 32.1(b)(1)(A). A magistrate judge may release a person under 18 U.S.C. § 3143(a)(1), if the person shows by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6). Additionally, a district court may refer any matter that does not dispose of a charge or defense to a magistrate judge for determination. Fed. R. Crim. P. 59(a). A district court must consider timely objections to such determination and modify or set aside any part of the order that is contrary to law or clearly erroneous. Id.

1

Here, the defendant complains that the magistrate judge based his probable cause finding on unreliable hearsay evidence. (Doc. No. 41: Objections at 1, 5). He also challenges conclusions in the detention Order, (Doc. No. 38 at 3), that the weight of the evidence against him is strong and "the appearance (albeit mostly on hearsay) is that Defendant trashed his domestic partner's apartment, threatened to kill her, briefly held her against her will, and stole her TVs." (Doc. No. 41: Objections at 1-2).

Probable cause is more than bare suspicion, less than preponderance of the evidence, and established by facts and circumstances providing a probability that a reasonable and prudent person would believe a suspect has committed an offense. United States v. Gray, 137 F.3d 765, 769-70 (4th Cir. 1998); Illinois v. Gates, 462 U.S. 213, 235 (1983). The Rules of Evidence do not apply to preliminary hearings, supervised release revocation proceedings, and detention hearings. Fed. R. Evid. 1101(d)(3).

A United States Probation Officer testified that she reviewed the body-worn-camera recording and report of a police officer who responded to the defendant's apartment where he was living with his girlfriend. (Doc. No. 40: Hr'g Tr. at 6-7). The recording captured the girlfriend's statement, which was also reduced to writing, that the defendant threatened to kill her while holding a knife; that he stole two televisions from the apartment; that he took her keys and phone, preventing her from leaving the scene until he fled; and that he killed her pet bearded dragon. (Id. at 12-13). The recording also depicted property damage

2

throughout the apartment, including ripped open couch cushions and mattresses; broken picture frames, mirrors, and dishes; and the laceration from the chest to the stomach of the dead bearded dragon, which the girlfriend attributed to the defendant. (Id. at 10). The girlfriend obtained a restraining order and state charges were issued for felony cruelty to animals, misdemeanor larceny, misdemeanor communicating threats, and misdemeanor false imprisonment.[1] (Id. at 7, 10; Doc. No. 33: Petition at 1-2).

The defendant's criminal history stretches back to age 13 and includes numerous violent offenses such as robberies, simple and aggravated assaults, threats, firearm possession, harassment, stalking with the intent to cause fear, (Doc. No. 23: Presentence Report at 7-13). He has committed new crimes while on probation for past convictions and has not been deterred by lengthy jail sentences. (Id.).

After conducting a de novo review of the Objections, (Doc. No. 41), and the entire record of this matter, the Court finds that the magistrate judge's probable cause and detention determinations are correct based on the law and the facts of this case. Accordingly, the Court adopts the magistrate judge's Order, (Doc. No. 38).

---

[1] The state charges were later dismissed apparently when police were unable to contact the girlfriend, but she told another United States Probation Officer the day before the hearing that she was scared for her life and still has the restraining order. (Doc. No. 40: Hr'g Tr. at 11-12).

3

**IT IS, THEREFORE, ORDERED** that:

1. the defendant's Objections, (Doc. No. 41) are **OVERRULED**; and

2. the magistrate judge's Order, (Doc. No. 38), detaining the defendant pending a final revocation hearing is **ADOPTED.**

Signed: August 14, 2024

Robert J. Conrad, Jr.
United States District Judge